986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kathleen Ann ELLIOT, Defendant-Appellant.
 No. 91-2167.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1993.
 
 Before KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 Kathleen Ann Elliot appeals from a jury verdict of guilty on three counts: 1) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); 2) use of a firearm in the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and 3) illegal possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Elliot was sentenced to concurrent 63-month terms on counts one and three and to a consecutive 60-month term on count two. On appeal, Elliot claims that her conviction on count three, possession of a firearm by a felon, should be vacated. We affirm.
 
 
 2
 On December 20, 1990, agents of the Federal Bureau of Alcohol, Tobacco and Firearms executed a search warrant at Elliot's residence. The agents found a bottle containing fifty rocks of crack cocaine in Elliot's shirt pocket and, with Elliot's cooperation, found a shotgun and a pistol in the residence. Elliot signed a statement in which she admitted possession of the crack cocaine and ownership of the pistol and the shotgun.
 
 
 3
 Elliot argues that her conviction of being a felon in possession of a firearm should be vacated because the jury did not specify whether it based her conviction on possession of the pistol or the shotgun. Elliot concedes that her conviction would stand if the jury concluded that she possessed the pistol. However, she argues that her possession of the shotgun would not support a conviction and therefore argues that the district court committed plain error by failing to require the jury to return a special verdict as to each of the two firearms.
 
 
 4
 18 U.S.C. § 922(g)(1) states that it is unlawful for any person:
 
 
 5
 who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm or ammunition ... which has been shipped or transported in interstate or foreign commerce.
 
 
 6
 "Conviction" is defined in 18 U.S.C. § 921(a)(20):
 
 
 7
 What constitutes a conviction of such crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport or receive firearms.
 
 
 8
 Elliot argues that her civil rights were restored when she was released from prison and that under Michigan law she could only be convicted for possession of a pistol. In United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), we recently held that a Michigan felony conviction may serve as a predicate offense for a prosecution under 18 U.S.C. § 922(g)(1) for the possession of any firearm. We specifically rejected the argument made by Elliot that her full civil rights were restored upon her release from prison. Id. at 1479. Therefore, there was no reason for the district court to require a special verdict.
 
 
 9
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation